DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Juan Valdez-Reyes, | ) | |
| | ) | CASE NO.4:07CV849 |
| Petitioner, | ) | 4:02CR273 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | (Resolving Doc. No. 1) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## **I. Introduction**

Presently before the Court is the petition of Juan Valdez-Reyes ("petitioner") for relief under the provisions of 28 U.S.C. Section 2255. Petitioner's basic claim is that he was denied the effective assistance of his attorney, Brian Moriarty, who represented him prior to trial and, it is alleged, failed to accurately communicate the status of guilty plea negotiations prior to trial. It is undisputed that the Government offered petitioner a plea agreement that provided that if petitioner pled guilty he would receive a recommended sentence of approximately 46 months in prison.

With different counsel, the matter went to trial, petitioner was found guilty and was later sentenced to 121 months incarceration, five years of supervised release and a $300 special assessment. The petitioner's conviction and sentence were affirmed by the Sixth Circuit on January 20, 2006 in Case No. 03-3737 and a petition for a writ of certiorari was denied by the United States Supreme Court on October 2, 2006.

For the following reasons, petitioner's request for relief pursuant to 28 U.S.C. Section 2255 is denied.

(4:07CV849)
(4:02CR273)

## II. **Discussion**

On November 27, 2002, the jury in petitioner's criminal trial returned a guilty verdict against petitioner based on the three charges in the superseding indictment for the possession and distribution of cocaine and conspiracy charges related to the possession and distribution of cocaine in violation of 21 U.S.C. Section 841(a)(1) and 841(b)(1) and 846. As previously stated, petitioner received a sentence of 121 months of incarceration with five years of supervised release. See Case No. 4:02CR273, Docket No. 186.

> The petition alleges the ineffective assistance of counsel on two grounds:
>
> 1. Counsel failed to explain to petitioner the Government's plea offer of 57/71 months. Moreover, counsel's failure to inform petitioner of his opinion as to whether the plea offer should be accepted or rejected, clearly constitutes ineffective assistance of counsel.
>
> 2. Before trial, counsel failed to explain to petitioner the operation of the U.S. Sentencing Guidelines and its applicability to his case as well as the ramifications of the mandatory minimum sentence. Also he failed to explain to petitioner the possibility of 3-levels downdeparture for acceptance of responsibility, and that the parties contemplate a two-level decrease for minor role; and if petitioner qualified for the safety valve provisions, he would get an additional two-level reduction. See (Status Conference, August 23, 2002 AUSA Brunst, Tr. 11, JA). Exhibit A.

Petitioner's Memorandum In Support, Docket No. 1 at 2-3.

An ineffective assistance of counsel claim may be based on counsel's pre-conviction failure to adequately represent the terms of a plea agreement to a defendant. To establish his ineffective assistance of counsel claim, petitioner must first "show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668 (1984). This is commonly referred to as the first or objective step of the test from the Strickland

2

(4:07CV849)
(4:02CR273)

decision. Petitioner must next "establish that there is a reasonable probability that, but for the incompetence of counsel, he would have accepted the . . . offer and pled guilty." Turner v. State, 858 F.2d 1201, 1206 (6th Cir. 1988). Plaintiff must demonstrate this reasonable probability by objective evidence. Turner, 858 F.2d at 1209.

Because the negotiations take place outside of the presence of the Court, it becomes difficult to measure the quality of counsel's representation after the fact. The Court confronted this dilemma squarely in the published decision of U.S. v. Dabelko, 154 F. Supp. 2d 1156 (N.D. Ohio 2000). In Dabelko, the Court considered a Section 2255 petition alleging the ineffective assistance of counsel for the failure to communicate and explain the terms of a proposed plea agreement.[1] On remand, the Sixth Circuit instructed the Court to conduct an evidentiary hearing to determine whether " counsel made an adequate, minimum examination of the applicable guidelines law so as to advise Dabelko about his serious exposure" to a substantial prison sentence based on the circumstances of his case. Dabelko, 154 F. Supp.2d at 1158. However, when it came time to conduct the requested evidentiary hearing, trial counsel was determined to suffer from Alzheimers Disease and it was stipulated that he had no memory of the proceedings.

The Court wrote of the difficulty it faced in evaluating petitioner's claims based on the ineffective assistance of counsel:

---

[1] The Defendant Dabelko had been tried and convicted in another branch of the Court. Dabelko's Section 2255 petition was denied by the trial judge but that decision was vacated by the Sixth Circuit. On remand, the matter was heard by this branch of the Court because the trial judge had retired. See Dabelko, 154 F. Supp. 2d at 1157.

3

(4:07CV849)
(4:02CR273)

> At the very core of criminal proceedings in federal court are guilty plea discussions. The Sentencing Guidelines have served to increase meaningful plea discussions and, in the vast majority of cases, those plea discussions result in a guilty plea agreement. The Criminal Rules of Procedure require careful monitoring of the process by the district court in the taking of the guilty plea. However, the Criminal Rules provide in no uncertain terms that the district court is not to participate in guilty plea negotiations. There is no procedure in place to monitor guilty plea discussions (that may or may not result in the preparation of a written plea agreement) which do not result in a guilty plea, but rather a trial. There are no procedures in place to insure that a defendant is given accurate information about the impact of the Guidelines in the event of a conviction, except during the process of a taking a guilty plea.

Dabelko, 154 F. Supp. 2d at 1164 (footnotes omitted)

After its troubling experience in the case discussed above, the Court commenced the pre-trial practice of conducting an inquiry of defendants and their counsel after the submission of a proposed plea agreement in what the Court calls for its own purposes a Dabelko hearing, which the Court conducted in the present case on August 23, 2002 with petitioner present. Petitioner also was assisted by a qualified interpreter in the proceedings. The hearing was conducted on the record and a transcript of the hearing is filed on the docket in Case No. 4:02CR0273, Doc. No. 209. The transcript, at pp. 9-13, provides as follows:

> THE COURT: Mr. Moriarty, are you representing the defendant?
>
> MR. MORIARTY: That's correct, Your Honor.
>
> THE COURT: Were you retained?
>
> MR. MORIARTY: Yes, I am, Your Honor.
>
> THE COURT: The Court understands that a proposed plea agreement was submitted to you, Mr. Moriarty, some time ago; is that true?
>
> MR. MORIARTY: Yes, it is, Judge.

4

(4:07CV849)
(4:02CR273)

        THE COURT: Do you know when it was presented?

        [AUSA] MS. BRUNST: On or about the 4th day of August.

        THE COURT: Have you had it for some time, Mr. Moriarty?

        MR. MORIARTY: Yes.

        THE COURT: Have you had the opportunity to review it with your client?

        MR. MORIARTY: Yes, on several occasions.

        THE COURT: I gather at this point he wants to go to trial as opposed to enter into a plea agreement?

        MR. MORIARTY: Your Honor, like his brother, Juan is a little confused about some of the developments of this case. He has expressed to me through the interpreter that he also would like to seek a second opinion, legal opinion as to the merits of his case and the type of agreement that he's been offered at this point in time. But as we stand here today, he's not willing to enter into a plea.

        THE COURT: Mr. Juan Valdez-Reyes, is that true, that you have– the plea agreement has been–has been explained to you?

        INTERPRETER: Yes.

        THE COURT: Ms. Brunst, what does the plea agreement call for?

        MS. BRUNST: Your Honor, this one is a little bit different than the one we talked about earlier. Again, it contemplates a plea of guilty to Count 1; that is the conspiracy count. He would be a level 30 based on the attribution of 3,926 grams of cocaine hydrochloride. Assuming a three level safety valve reduction, he would be a 27.

        THE COURT: Acceptance of responsibility.

        MS. BRUNST: I am sorry, acceptance of responsibility; a two level decrease for minor role and a potential two level decrease for a safety valve. Assuming all those things, he would be a 23 I, assuming the safety valve comes through for him. The mandatory minimum of five years would be in effect and he would be sentenced to as low as a 46 month term of incarceration. As the Court knows, the

5

(4:07CV849)
(4:02CR273)

>Government intends to seek a superseding indictment against him on Tuesday, alleging in part that the substance recovered was approximately 4,000 grams of cocaine hydrochloride, that is, powder cocaine and cocaine base mixture.
>  Assuming a conviction at trial of this defendant, Your Honor, he would be an offense level 40, criminal history I, which would call for a sentence of 292 months up to a maximum sentence of 365 months. Thank you.
>
>THE COURT: Okay.
>
>INTERPRETER: Did I kill anybody?
>
>THE COURT: Well, of course that's not an appropriate response. Mr. Juan Valdez-Reyes, has the proposed plea agreement been explained to you?
>
>INTERPRETER: Yes.
>
>THE COURT: Do you have any questions about what it calls for?
>
>INTERPRETER: Well, that does not matter to me. To offer it, I'm not guilty. If I am going to--
>
>THE COURT: Very well. Go ahead. What else did he say?
>
>INTERPRETER: If I am to plead guilty, what am I going to do? I don't know what I am going to plead because I am not guilty.
>
>THE COURT: Very well. The Court is satisfied that the defendant wants to go to trial regardless of what the substance is and therefore he will have that opportunity. Anything further to come before the Court today with respect to this defendant?
>
>MS. BRUNST: No, sir, Judge.
>
>MR. MORIARTY: No, Your Honor.

A. <u>Petitioner's First Ground for Relief: Failure to Explain Plea Offer</u>

The colloquy in this transcript rebuts petitioner's arguments he was not presented with

the plea agreement or that counsel failed to communicate the terms of the plea agreement to the

(4:07CV849)
(4:02CR273)

petitioner. The Court set forth the entire discussion of the matter on the record to highlight petitioner's responses to the Court inquiries as to his understanding of the plea agreement. Petitioner affirmed that the agreement had been explained to him and he flatly refused the agreement that was offered.

In the petition, the argument is also made that counsel failed to make a sincere attempt to persuade petitioner to accept the agreement as being in his best interest. The record demonstrates that on several occasions Mr. Moriarty reviewed the agreement with petitioner, that petitioner was so unsatisfied with its terms that he was requesting different counsel to consider the merits of his case. Finally, petitioner demonstrated that he had no intention of entering into an agreement, despite the advice of counsel and the record reflects petitioner's view that the sentence he was being offered by way of the plea deal was unacceptable. Petitioner also considered it ridiculous that the maximum sentence could be imposed on him, responding through the interpreter with the rhetorical question: "Did I kill anybody?" Docket No. 209, Tr. at 12. Because the objective evidence in the record fails to demonstrate that counsel's representation fell below an objective standard of reasonableness or that petitioner would have accepted the plea agreement as offered, petitioner's first stated ground for relief is denied.

B. <u>Petitioner's Second Ground for Relief: Failure to Explain Sentencing Guidelines</u>

Petitioner also argues that his trial counsel failed to explain to Petitioner the operation of the Sentencing Guidelines and its applicability to his case. Again, the transcript record belies that assertion. Petitioner's counsel stated that he had presented the plea agreement to petitioner on several occasions. At the hearing, the specific application of the Sentencing Guidelines was

7

(4:07CV849)
(4:02CR273)

presented by the Assistant United States Attorney in this case and at the end of that presentation, the Court asked petitioner is he had any questions about the terms of the plea agreement. After being presented with this information at the hearing, Petitioner stated through his interpreter that none of it mattered to him because he was not guilty and had no intention of pleading guilty. Docket No. 209, Tr. at 12.[2]

Again, petitioner has failed to demonstrate the first prong of the Stickland test, that counsel's representation was ineffective, because the objective evidence demonstrates that at the time of the consideration of the plea agreement, trial counsel and the Court explained at length to the petitioner the terms of the offer and petitioner stated that he had no questions about those terms.  Furthermore, even if counsel's explanation of the plea agreement had been deficient, the transcript demonstrates unequivocally that petitioner would not agree to the offered terms and was seeking the appointment of new counsel in hopes of receiving a better plea agreement. Accordingly, the petition is denied.

The Court also concludes that a hearing is not required in this matter because "the records of the case," in particular the pre-trial hearing transcript, conclusively demonstrates that petitioner is entitled to no relief. See 28 U.S.C. Section 2255.

---

[2] The Government also notes that the Court went through the Sentencing Guidelines with petitioner in detail at his arraignment. In an effort to educate petitioner about what to expect in the event of a guilty plea, petitioner received a copy of the Sentencing Guidelines table and an explanation from the Court in terms of its application.  See July 9, 2002 Arraignment, Docket No. 210, Tr. at 17-19.

(4:07CV849)
(4:02CR273)

### III. Conclusion

For the foregoing reasons, petitioner's request for relief pursuant to 28 U.S.C. Section 2255 is denied.

The Court also certifies, pursuant to 28 U.S.C. Section 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Pursuant to 28 U.S.C. Section 2253(c) and Fed. R. App. P. 22(b), the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

| | |
|---|---|
| August 21, 2007 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |